IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN L. HANSON                                                          PLAINTIFF

v.                               CASE NO. 5:15-cv-5150

CAROLYN W. COLVIN,
Acting Commissioner, SSA                               DEFENDANT

OPINION & ORDER

Currently before the Court is the Report and Recommendation ("R & R") (Doc. 13) of the Honorable Erin L. Setser, United States Magistrate Judge for the Western District of Arkansas, regarding Plaintiff John L. Hanson's request for judicial review of Defendant's decision to deny his claim for disability insurance benefits and supplemental security income under the provisions of Titles II and XVI of the Social Security Act. The R & R advises the Court to affirm the ALJ's denial of Hanson's claim, and to dismiss the case with prejudice. After conducting a *de novo* review, the Court agrees. The R & R is **ADOPTED** in full, and the case is **DISMISSED WITH PREJUDICE**.

I.      DISCUSSION

The facts and legal standards pertinent to this case are detailed at length in the R & R, and will only be summarized for context herein. Plaintiff John T. Hanson suffers from a myriad of back issues, hypertension, and obesity. On December 4, 2013, ALJ Jonathan P. Blucher held a hearing on Hanson's claim, and on March 17, 2014, he entered a decision denying the claim. Hanson timely appealed to this Court on July 2, 2015, arguing that the ALJ erred by: (i) finding that Hanson's impairments do not

1

medically equal the severity of Listing 1.04; (ii) incorrectly assessing Hanson's residual functional capacity ("RFC"); and (iii) concluding that Hanson can perform his past relevant work. *See* Doc. 9. Magistrate Judge Setser issued her R & R on April 6, 2016, which disagrees with each of Hanson's contentions. On April 25, 2016, Hanson filed Objections to the R & R (Doc. 14), identifying the same three issues he raised in response to the ALJ's decision.

In reviewing the decision of the ALJ, the Court must determine whether substantial evidence in the administrative record supports the decision, pursuant to 42 U.S.C. § 405(g). "Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion." *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000). Such evidence is "less than a preponderance but enough so that a reasonable mind could find it adequate to support the decision." *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that could have supported a contrary outcome, or because the Court could have decided the case differently. *See Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, "[i]f after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) (citing *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001)).

The Court begins with Hanson's objection regarding Listing 1.04. At step three of the familiar five-step sequential evaluation process for determining whether an

individual is disabled, see 20 C.F.R. 404.1520(a), the ALJ must determine whether the claimant has "an impairment(s) that meets or equals one of [the SSA's] listings in appendix 1 . . . ." *Id.* at (a)(4)(iii). The listings identify impairments considered "severe enough to prevent an individual from doing any gainful activity . . . ." 20 C.F.R. § 404.1525(a). Listing 1.04 pertains specifically to disorders of the spine. *See* 20 C.F.R. § 404, Subpart P, App'x I, Reg. No. 4.

Substantial evidence in the administrative record supports the ALJ's finding that Hanson's impairments do not meet or equal Listing 1.04. Certainly, Hanson is correct that *some* evidence in the record supports a positive finding—as the ALJ noted—but substantial evidence points the other way as well. The ALJ noted, for example, that during some of his examinations, Hanson demonstrated normal gait, motor strength, joint stability, and muscle tone. (Doc. 15, p. 15). And, in Hanson's "most recent orthopedist visit," his examination was essentially normal by all relevant metrics. *Id.* At best, "it is possible to draw two inconsistent positions from the evidence," one of which supports the ALJ's position. *Goff*, 421 F.3d at 790. Reversing the ALJ would therefore be error on this Court's part.

Second, substantial evidence supports the ALJ's RFC determination, including his credibility analysis. As an initial matter, Hanson objects to the ALJ's finding that his "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely credible . . . ." (Doc. 14, p. 3); (Doc. 15, p. 18). The ALJ reached this conclusion based mainly on Hanson's inconsistent use of a cane and often normal medical examinations. (Doc. 15, p. 18). Keeping the principle that "credibility is primarily

a matter for the ALJ to decide" in mind, the Court does not take issue with the ALJ's credibility analysis. *Edwards*, 314 F.3d at 966.

The Court also cannot reverse the ALJ's RFC determination. "Your residual functional capacity is the most you can still do despite your limitations." 20 C.F.R. § 404.1545 (a)(1). An ALJ must assess a claimant's RFC "based on all the relevant evidence in [his] case record." *Id.* ALJ Blucher found that Hanson had the RFC to "lift 20 pounds occasionally and 10 pounds frequently; and stand/walk 4 hours and sit 6 hours in an 8-hour workday," with certain other limitations. (Doc. 15, p. 16). Hanson argues that in reaching this decision, the ALJ "failed to develop the record[,] failed to give meaningful consider [sic] all of Mr. Hanson's combined impairments . . . [and] cherry-picked findings from the record." (Doc. 14, p. 3).

The Court disagrees. The RFC determination in the ALJ's written decision spans four pages, details the medical evidence in the case, and factors Hanson's back ailments, obesity, and hypertension. (Doc. 15, pp. 16-19). It includes substantial evidence to support ALJ Blucher's conclusion. For example, Hanson "exhibited negative straight leg and he maintained 5/5 strength, with intact sensation" in August, 2013. *Id.* at 19. During that same time, he had no "radiographic hardware complications." *Id.* More recently, he again exhibited "negative straight leg raise," "full range of motion throughout the lumbar spine," and "5/5 motor strength." And, notably, "[Hanson] worked as a chaplain/grief counselor for several months in 2013" and "described this work as involving walking and attending functions for grieving patients." *Id.* at 19-20. While there is other evidence that may point to the opposite conclusion, the Court, again, cannot

second guess the ALJ's substantially supported conclusion just because a contrary conclusion is possible. *See Haley*, 258 F.3d at 747.

Third, the ALJ did not err in finding that Hanson's RFC allows him to perform his past relevant work. Hanson has past relevant work as a minister, social worker, and court administrator. At the December 4, 2013 hearing, the vocational expert classified these vocations as light work, light work, and sedentary work, respectively. *See* Doc. 15, p. 57. Given the medical evidence in the record, the ALJ's credibility determination, and Hanson's work as a chaplain during his disability period, the ALJ's conclusion that Hanson's RFC allowed him to perform these occupations is supported by substantial evidence. Hanson's various objections to this finding are without merit.

## II. CONCLUSION

For the reasons stated herein, the R & R (Doc. 13) is **ADOPTED** and the case is **DISMISSED WITH PREJUDICE**. Judgment will enter by separate order.

**IT IS SO ORDERED** on this 25th day of July, 2016.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE